IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jacqueline Lani, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 8101 |
| Cavalry SPV I, LLC, a Delaware limited liability company, Cavalry Portfolio Services, LLC, a Delaware limited liability company, and Capital Management Services, LP, a Delaware Limited partnership, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jacqueline Lani, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Jacqueline Lani ("Lani"), is a citizen of the State Colorado, from whom Defendants attempted to collect a delinquent consumer debt owed for a GE Money Bank account, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.	Defendant, Cavalry SPV I, LLC ("Cavalry SPV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry SPV operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Cavalry SPV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.	Defendant Cavalry SPV is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, such as its sister company, Cavalry Portfolio Services, and Capital Management Services.

6.	Defendant, Cavalry Portfolio Services, LLC ("Cavalry Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Cavalry Portfolio was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

7.	Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect,

delinquent consumer debts. CMS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendants Cavalry SPV, Cavalry Portfolio and CMS are each authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Illinois.

9. Moreover, Defendants Cavalry Portfolio and CMS are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Lani is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to GE Money Bank. At some point in time after that debt became delinquent, it was bought by Defendant Cavalry SPV, and when Cavalry SPV began trying to collect this debt from Ms. Lani, by having Defendant Cavalry Portfolio send her a collection letter dated November 8, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of Defendants' letter is attached as Exhibit C.

11. Accordingly, on December 29, 2010, one of Ms. Lani's attorneys at LASPD informed Defendants that Ms. Lani was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities

because Ms. Lani was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

12. Nonetheless, despite being advised that Ms. Lani was represented by counsel and that she refused to pay the debt, Defendant Cavalry SPV then had Defendant CMS send Ms. Lani a collection letter, dated July 17, 2011, which demanded payment of the GE Money Bank debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on September 8, 2011, Ms. Lani's LASPD attorney sent Defendants a letter, again directing them to cease communications and to cease collections. A copy of this letter is attached as Exhibit F.

14. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Lani's agent, LASPD, told Defendants to cease

4

communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Lani was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Lani was represented by counsel, and had directed a cessation of communications with Ms. Lani. By directly sending Ms. Lani a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jacqueline Lani, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Lani, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jacqueline Lani, demands trial by jury.

                            Jacqueline Lani,

                            By: /s/ David J. Philipps
                            One of Plaintiff's Attorneys

Dated: November 14, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com